## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Harris

June 3, 1991

Case No. CF910347

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on defendant's Motion to Suppress certain evidence he alleges was obtained as the result of an illegal search and seizure. For reasons that follow, the motion will be denied.

On April 15, 1991, at approximately 4:00 a.m., a burglary was reported in the waterfront section of Alexandria. From previous experiences, the police were aware of a pattern whereby subsequent to a waterfront burglary another would follow in the "upper" King Street area. Officer Omundson was dispatched to this area for surveillance purposes. Within minutes he observed a lone vehicle and followed its path which he described as having no particular pattern. He took no action to stop the vehicle but continued to observe it and called for "back-up." The car stopped, not as a result of any action taken by the officer, and the driver, not the defendant, got out of the car leaving the two passengers in the car. Officer Omundson approached the driver to obtain a driver's license, and Officer Horvath arrived and checked on the passengers. Up to this point, no seizure of defendant had occurred.

Officer Horvath, who had been advised of the waterfront burglary, recognized the defendant whom he knew from personal experience to have been convicted twice before of burglary and had heard that he was on bond for another burglary charge. He casually talked to defendant for a

short time during which defendant denied knowledge of the burglary. When Officer Omundson obtained permission from the driver to search the car, Horvath asked Harris to sit in his cruiser while he checked to see if there were any warrants for him. When the defendant was placed in a police cruiser from which he was not free to leave, a detention of defendant had occurred. However, Officer Horvath had a basis for reasonably suspecting that defendant had committed a felony. Code of Va. § 19.2-83; *Simmons v. Commonwealth*, 217 Va. 552 (1977); *Lansdown v. Commonwealth*, 226 Va. 204 (1983).

The combined knowledge of the officers as to the pattern of the burglaries, the status of the defendant, and the fact that this was the only car in this area afforded the officers an articulable, reasonable suspicion to detain. Once Officer Horvath was notified that a warrant existed for the defendant, he was justified in arresting him. *See*, § 19.2-80.1. The discovery of the shoes of the defendant possibly matching a shoe print on the door of the burglary scene did not occur during a period of unlawful detention. *Bethea v. Commonwealth*, 12 Va. App. 303 (1991), is distinguishable on its facts.

The defendant's Motion must be denied.